1   BRUCE NYE, SBN 77608
2   ADAMS | NYE | TRAPANI | BECHT  LLP
    222 Kearny Street, Seventh Floor
3   San Francisco, California  94108-4521
    Telephone:  (415) 982-8955
4   Facsimile:  (415) 982-2042

5   Attorneys for Defendant
    MAYTAG CORPORATION, erroneously sued herein as
6   WHIRLPOOL CORPORATION, d/b/a MAYTAG

7

8                  UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CALIFORNIA STATE AUTOMOBILE          No.
    ASSOCIATION, INTER-INSURANCE
12  BUREAU,
                                         **DEFENDANT MAYTAG**
13                Plaintiff,             **CORPORATION'S  ANSWER TO**
                                         **COMPLAINT IN SUBROGATION FOR**
14  vs.                                  **DAMAGES**

15  WHIRLPOOL CORPORATION, d/b/a/        (Alameda Superior Court No.: RG 08 373190)
    MAYTAG and DOES 1 through 50, inclusive,
16                                       Jury Trial Demanded
                  Defendant.
17

18

19  COMES NOW Defendant MAYTAG CORPORATION ("Maytag"), erroneously sued herein as

20  WHIRLPOOL CORPORATION, d/b/a MAYTAG, and answers the Complaint as follows:

21                        **GENERAL ALLEGATIONS**

22        1.    Maytag admits the allegations of Paragraph 1.

23        2.    Maytag lacks information and belief concerning the matters set forth in Paragraphs 2

24  and 3, and based thereon, admits those allegations.

25        3.    Maytag admits the allegations of the first two sentences of Paragraph 4, and denies

26  the final sentence, beginning with the word "Some"and ending with the word "MAYTAG."

27  / / /

28
                                        1

1       4.     Maytag lacks information and belief concerning the matters alleged in paragraphs 5,

2   6, 7 and 8, and based thereon denies same.

3       5.     Maytag denies the allegations of Paragraphs 9, 10, 11, 12 and 13, further denying that

4   Plaintiff has been damaged in any amounts, or at all, as a result of any acts or omissions of Maytag.

5   **FIRST CAUSE OF ACTION AGAINST PLAINTIFF**

6   6.     Responding to the allegations of Paragraph 14, Maytag incorporates by reference its

7   admissions, denials and other responses to the paragraphs referred to therein.

8   7.     Maytag denies the allegations of Paragraphs 15 and 16, further denying that Plaintiff has

9   been damaged in any amounts, or at all, as a result of any acts or omissions of Maytag.

10  **SECOND CAUSE OF ACTION AGAINST PLAINTIFF**

11  8.     Responding to the allegations of Paragraph 17, Maytag incorporates by reference its

12  admissions, denials and other responses to the paragraphs referred to therein.

13  9.     Maytag denies the allegations of Paragraphs 18, 19 and 21, further denying that Plaintiff has

14  been damaged in any amounts, or at all, as a result of any acts or omissions of Maytag.

15  10.    Responding to the allegations of Paragraph 20, Maytag denies that any dishwasher it

16  manufactured or sold was defective, and in all other respects, lacks information and belief

17  concerning the matters alleged, and based thereon, denies same.

18  **THIRD CAUSE OF ACTION AGAINST PLAINTIFF**

19  11.    Responding to the allegations of Paragraph 22, Maytag incorporates by reference its

20  admissions, denials and other responses to the paragraphs referred to therein.

21  13.    Maytag denies the allegations of paragraphs 23, 24, 25 and 26, further denying that Plaintiff

22  has been damaged in any amounts, or at all, as a result of any acts or omissions of Maytag.

23  **AFFIRMATIVE DEFENSES**

24  **FIRST AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

25      This answering Defendant alleges that Plaintiff's insureds were guilty of negligence in and

26  about the matters and things complained of in the Complaint, that such negligence is imputed to

27  / / /

28

2

1  Plaintiff in this subrogation matter, and that such negligence contributed directly and proximately to

2  the happening of the accident, and to the damages, if any, by Plaintiffs sustained.

3  ### SECOND AFFIRMATIVE DEFENSE AGAINST PLAINTIFF

4  It is alleged that the injuries sustained by Plaintiff, if any, were either wholly or in part

5  negligently caused by persons, firms, corporations or entities other than Defendant, and said

6  negligence is either imputed to Plaintiff by reason of the relationship of said parties to Plaintiff

7  and/or said negligence comparatively reduces the percentage of negligence, if any, by this answering

8  Defendant.

9  ### THIRD AFFIRMATIVE DEFENSE AGAINST PLAINTIFF

10  This answering Defendant alleges that Plaintiffs and/or others misused and abused the

11  product which is the subject matter of this action in a manner not reasonably foreseeable to

12  Defendant, and that said misuse and abuse were the sole and exclusive proximate cause of the

13  damages, if any, by Plaintiffs sustained.

14  WHEREFORE, this answering Defendant prays that Plaintiffs take nothing by their

15  Complaint herein, that this matter be hence dismissed, that Defendant recover its costs of suit, and

16  for such other and further relief as to the Court seems just and proper.

17  ### DEMAND FOR JURY TRIAL

18  Defendant WHIRLPOOL CORPORATION, d/b/a MAYTAG  hereby demands a trial by

19  jury in this matter.

20  DATED: March 26 , 2008                          ADAMS | NYE | ~~TRAPANI~~ | BECHT  LLP

21

22                                                  By: _____

23                                                        BRUCE NYE
                                                    Attorneys for Defendant
24                                                  MAYTAG CORPORATION, erroneously sued
                                                    herein as WHIRLPOOL CORPORATION, d/b/a
25                                                  MAYTAG

26

27

28
                                               3

1

2

## CERTIFICATE OF SERVICE

3      I, **MARY KATHRYN EARLE**, am over the age of eighteen years, not a party to the above-captioned
matter, and employed by **Adams | Nye | Trapani | Becht LLP,** located at 222 Kearny Street, <u>Seventh

4      Floor</u>, San Francisco, California 94108-4521, where the service described below took place on the date set
forth below.

5

<u>Person(s) Served:</u>

6

   <u>Counsel For Plaintiffs:</u>

7

8      **Robert E. Wall, Esq.**
       **Laura Uddenberg, Esq.**
       **Grunsky, Ebey, Farrar & Howell, PLC**

9      **240 Westgate Drive**
       **Watsonville, California 95076**

10              **Telephone:     (831) 722-2444**
                **Facsimile:     (831) 722-6153**

11

12     <u>Document(s) Served:</u>

13              **DEFENDANT MAYTAG CORPORATION'S ANSWER**
                **TO COMPLAINT IN SUBROGATION FOR DAMAGES**

14

<u>Manner of Service:</u>

15

16     __X__   **Mail:** I am readily familiar with my employer's practice for the collection and processing of
               correspondence for mailing with the United States Postal Service: such correspondence is deposited
               with the United States Postal Service on the same day in the ordinary course of business in the

17             county where I work.  On the date set forth below, at my place of business, following ordinary
               business practices, I placed for collection and mailing by deposit in the United States Postal Service

18             a copy of each Document Served, enclosed in a sealed envelope, with the postage thereon fully
               prepaid, each envelope being addressed to one of the Person(s) Served, in accordance with Code of

19             Civil Procedure 1013(a).

20     ____    **Facsimile:** I transmitted by facsimile a copy of each Document Served mentioned above to each
               Person Served mentioned above pursuant to Code of Civil Procedure 1013(e).

21

22     ____    **Personal service:** I caused a copy of each Document Served to be hand delivered to each Person
               Served pursuant to Code of Civil Procedure 1011.  If required, the actual server's original proof of
               personal service will be filed with the court.

23

24          I declare under penalty of perjury under the laws of the State of California that the foregoing is true
       and correct.

25

Dated: March 26, 2008

26                                              MARY KATHRYN EARLE

27

28

                                        4