1 | Robert E. Wall, Esq., SBN 108114
2 | Laura Uddenberg, Esq. SBN 75630
  | GRUNSKY, EBEY, FARRAR & HOWELL
3 | A Professional Corporation
  | 240 Westgate Drive
4 | Watsonville, CA 95076
5 | Telephone:     831/722-2444
  | Facsimile:     831/722-6153
6 | Attorneys for Plaintiff CALIFORNIA STATE AUTOMOBILE
7 | ASSOCIATION, INTER-INSURANCE BUREAU

8 | Bruce Nye, Esq., SBN 77608
  | ADAMS | NYE | TRAPANI | BECHT LLP
9 | 222 Kearny Street, Seventh Floor
10 | San Francisco, CA 94108-4521
   | Telephone:     415/982-8955
11 | Facsimile:     415/982-2042
12 | Attorneys for Defendant MAYTAG CORPORATION

13

14 | UNITED STATES DISTRICT COURT

15 | NORTHERN DISTRICT OF CALIFORNIA

16

17 | CALIFORNIA STATE AUTOMOBILE          No.  C 08-01633 WDB
18 | ASSOCIATION, INTER-INSURANCE BUREAU,
   |                                      JOINT CASE MANAGEMENT
19 |                     Plaintiff.       STATEMENT

20 |         vs.                          DATE:     July 2, 2008
21 | WHIRLPOOL CORPORATION, dba MAYTAG,   TIME:     4:00 p.m.
   | and DOES 1 through 50, inclusive,    PLACE:    Dept. 4
22 |
23 |                     Defendants.

24

25 | **1.     JURISDICTION AND SERVICE**

26 |     Plaintiff filed its complaint in the Superior Court of the State of California, County of

27 | Alameda, on February 26, 2008 and personally served the agent for service of process for Whirlpool

28 | on March 3, 2008.

-1-

1  Defendant Maytag Corporation filed a notice of removal on the basis of diversity jurisdiction
2  on March 26, 2008.

3  **2.    FACTS**

4  Plaintiff, CALIFORNIA STATE AUTOMOBILE ASSOCIATION (CSAA), insured the
5  residence of Ted and Sally Inouye, located at 37986 Ballard Drive, Fremont, California.  In January
6  1999, the Inouyes purchased a dishwasher manufactured by MAYTAG, model number
7  MDB6000AWA, serial number 17678495UZ, which was installed in their house.

8  On October 1, 2007 the Inouyes arrived home to find smoke in their house and flames venting
9  from the front of their Maytag dishwasher.  Mr. Inouye asked a neighbor to call 911 while he
10  attempted to put out the fire.  The Fremont Fire Department arrived quickly, cleared all persons from
11  the residence, and extinguished the fire.  The fire itself was confined to the kitchen, but the rest of the
12  house suffered smoke and water damage.

13  CSAA was immediately put on notice of the fire, and retained Fire Cause Analysis (FCA) to
14  investigate the cause of the fire.  Both the Fremont Fire Department and FCA eliminated all potential
15  causes of the fire other than the dishwasher.  Later in October, the Inouyes received a notice from
16  Maytag dated October 22, 2007, of a recall of this dishwasher.

17  FCA examined the remnants of the dishwasher and determined the fire started in the front door
18  of the appliance.  FCA conducted research through the Consumer Product Safety Commission, and
19  found information about the recall of this product.  The hazard identified was that liquid rinse-aid
20  could leak from its dispenser and come into contact with the internal wiring, causing short-circuits and
21  fire ignition.  The bulletin reported some 135 previous fires.  The remnants of the dishwasher are
22  consistent with a fire ignited as described above.

23  Maytag Corporation has not had an opportunity to inspect the scene of the fire nor has it had
24  an opportunity to inspect the dishwasher or other artifacts that may have been retained. As such, it
25  cannot admit or deny the allegations of the plaintiff at this time.

26  **3.    LEGAL ISSUES**

27  Plaintiff claims the Maytag dishwasher was defective because the liquid rinse-aid leaked out of
28  its dispenser, causing short circuiting in the dishwasher's internal wiring, leading to the fire.  The

-2-

1  parties do not see any novel legal issues arising out of these facts.  Depending upon the product

2  inspection and the opinions of plaintiff's expert, there may be a *Daubert* Motion filed.

3      **4.     MOTIONS**

4      No party has filed any motion to date, and the parties do not foresee any motions, other than

5  motions in limine, being filed.  However, please see response to 3, Legal Issues.

6      **5.     AMENDMENT OF PLEADINGS**

7      The parties have agreed that plaintiff may amend its complaint to state the proper name of the

8  defendant.  No other amendments are anticipated.

9      **6.     EVIDENCE PRESERVATION**

10      The remnants of the dishwasher, the garbage disposal, power switch, circuit breaker, other

11  electrical components and wiring found in the debris were collected by FCA and are stored at is

12  facility in Berkeley, California.  Maytag may inspect the evidence at any time, upon reasonable notice.

13      The Inouye residence was repaired in order to allow them to move back in.  The damage was

14  documented in photographs.  If the defendants wish to view the repaired residence, plaintiff will

15  cooperate in arranging it.  Maytag Corporation has provided plaintiff's several dates for the inspection

16  and is awaiting a response.

17      All documents in the possession of plaintiff relevant to this claim are stored electronically, and

18  have been preserved.

19      **7.     DISCLOSURES**

20      Plaintiff has made a timely disclosure of the following:

21      A.     **Documents**: Its entire claim file, including all documentation of damage and its log of

22  notes on the adjustment of the claim, solely excepting the log of notes on the subrogation claim,

23  regarding which plaintiff claims attorney client privilege; the declarations sheet and policy of

24  insurance under which CSAA paid this loss; and the reports and photographs of its expert consultants,

25  FCA.

26      B.     **Witnesses**: the insureds, plaintiff's claims adjustor, repair contractors and plaintiff's

27  principal expert consultant; and

28      C.     **Computation of damages**: see below.

-3-

Defendant Maytag and Whirlpool have made the following disclosures:

A. **Documents:** The "Full Report" to The CPSC regarding the Maytag 2007 Dishwasher recall; the warranty registration by the Inouyes; Other documents such as a Parts List and an electrical schematic are being located.

B. **Witnesses:** Defendant Maytag and Whirlpool Corporation have disclosed the name of the expert that will conduct the inspection, Mr. Marvin McDowell.

**8.    DISCOVERY**

The parties believe that the initial disclosures made pursuant to FRCP 26(a)(1) will provide adequate information to evaluate this case and engage in a meaningful mediation, which will is set for September 30, 2008. If the mater does not settle, the parties will prepare a discovery plan.

**9.    CLASS ACTION**

This is not a class action.

**10.    RELATED CASES**

The parties know of no related cases.

**11.    RELIEF**

Plaintiff seeks money damages as described below.

| DATE | PAYEE | EXPLANATION | AMOUNT |
|------|-------|-------------|--------|
|      |       | DWELLING REPAIRS | |
| 11/2/07 | Han's Construction | Asbestos testing fee | $192.00 |
| 11/10/07 | Restoration Management | Asbestos abatement. | $1,040.00 |
| 11/05/07 | Restoration Management | Soda blasting. | $3,710.70 |
| 11/05/07 | Han's Construction | Estimate for dwelling repair, and receipts and invoices. (Checks for Board-up $1,716.00 and advance on repairs $15,000 are attached. The balance remains to be paid.) | $120,286.66 |
| 11/10/07 12/25/07 1/05/08 | Fire Cause Analysis | *Stearman* costs for investigation to determine cause of fire. | [$2,276.23] [$2,715.00] [$2,639.50] $7,630.73 |

| | | | PERSONAL PROPERTY | |
|---|---|---|---|---|
| 10/10/07 | Inouye | | Advance on personal property loss | $5,000.00 |
| 1/08/08 | Inouye | | Advance on personal property loss | $10,000.00 |
| 11/20/07 | Restoration Management | | Pack out personal property. | $12,553.01 |
| 11/08/07 | First Team/Custom Commercial | | Cleaning and storage of contents, including list of restorable and non-restorable items. | $4,909.28 |
| 12/01/07 | Restoration Management | | Pack out additional personal property, including list of contents. | $12,553.01 |
| | | | LOSS OF USE | |
| 10/10/07 10/17/64 11/13/07 11/16/07 12/25/07 | CRS Temporary Housing | | Temporary lodging. | [$8,815.01] [$710.64] [$1,080.01] [$3,105.01] [$4,050.00] $17,760.67 |
| | | | TOTAL TO DATE | $195,636.06 |

CSAA may still make some additional payments to its insureds for loss and damage to personal property. This loss became certain as of the date of loss, and entitles plaintiff to prejudgment interest.

**12.    SETTLEMENT AND ADR**

The parties have agreed to private mediation, which is scheduled to take place on September 30, 2008.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.**

The parties all consent to have Magistrate Judge Wayne D. Brazil conduct all future proceedings in this case.

**14.    OTHER REFERENCE**

The parties do not see a need for any further reference at this time.

**15.    NARROWING OF ISSUES**

The main issue is the cause of the fire. If defendant, after inspecting the evidence, determines this fire falls within the recall, it may be possible to stipulate to the cause of the fire. It may also be possible to stipulate to damages.

-5-

1   The parties see no need to bifurcate issues, claims or defenses.

2   **16.    EXPEDITED SCHEDULE**

3   The parties see no need to handle this case on an expedited schedule.

4   **17.    SCHEDULING**

5   The parties suggest that a scheduling conference be held in November 2008, after mediation.

6   If the case does not settle, the parties can then propose a discovery plan and schedule, including a trial

7   date.

8   **18.    TRIAL**

9   Defendant demands a jury trial.  The parties estimate the case will take two to three court days

10  to try.

11  **19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

12  The parties know of no non-party interested entities or persons.

13  **20.    OTHER MATTERS**

14  None are known at this time.

15

16  DATED:    June 24, 2008          GRUNSKY, EBEY, FARRAR & HOWELL

17

18          By  /S/  Laura Uddenberg
19          Laura Uddenberg and Robert E. Wall, Attorneys for
            Plaintiff, CALIFORNIA STATE AUTOMOBILE
20          ASSOCIATION, INTER-INSURANCE BUREAU

21  DATED:    June 24, 2008          ADAMS | NYE | TRAPANI | BECHT LLP

22

23          By  /S/  Bruce Nye
24          Bruce Nye, Attorneys for Defendant MAYTAG
            CORPORATION

25

26

27

28

CSUB19629 (Inouye)/joint-cmc
*CSAA v. Whirlpool Corporation, et. al.*

1

<b>PROOF OF SERVICE</b>

2

STATE OF CALIFORNIA      )
COUNTY OF SANTA CRUZ ) ss

3

4

I am over the age of eighteen (18) years and not a party to the within action.  I am employed by the law firm of GRUNSKY, EBEY, FARRAR & HOWELL (the "firm"), and my business address is 240 Westgate Drive, Watsonville, California  95076.

5

6

On **June 24, 2008** I caused to be served the within **JOINT CASE MANAGEMENT STATEMENT** on the parties to this action, by placing a true copy thereof enclosed in a sealed envelope, addressed as follows and delivered in the manner indicated:

7

8

*Attorneys for Defendant Whirlpool Corporation, dba Maytag:*

Bruce Nye
Adams, Nye, Trapani, Becht LLP
222 Kearny Street, 7th Floor
San Francisco, CA 94108-4521
Tel: (415) 982-8955
Fax: (415) 982-2042

9

10

11

12

__XXX__        **[By Mail]:**  I caused each envelope, with postage prepaid to be placed in the United States mail at Watsonville, California.  I am readily familiar with the business practices of the firm regarding the collection and processing of correspondence for mailing with the United States Postal Service.  Pursuant to such business practices, and in the ordinary course of business, all correspondence is deposited with the United States Postal Service on the same day it is placed for collection and mailing.

13

14

15

16

_____        **[By Federal Express]:**  I caused each envelope to be delivered to Federal Express for overnight courier to the office(s) of the addressee(s).

17

_____        **[By Hand Delivery]:**  I caused each envelope to be delivered by hand on the office(s) of the addressee(s).

18

19

_____        **[By Fax]:**  On  * , I served the within document on the parties in said action by facsimile transmission, pursuant to Rule 2.306 of the California Rules of Court.  A transmission report was properly issued by the sending facsimile machine and the transmission was reported as complete and without error.

20

21

_____        **[By e-mail]**  Pursuant to CCP §1010.6(6), and pursuant to authorization from ***, assistant to ***, I scanned and emailed correct copies of the above-entitled document to ***(e-mail address).  A copy of the e-mail transmission is attached hereto.

22

23

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on **June 24, 2008** at Watsonville, California.

24

25

*Karen Machado*
_____
Karen L. Machado

26

27

28

Csub19629(Inouye)
CSAA v. Whirlpool Corporation, et al., Case No.: C 08-01633 WDB
POS